UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE LEE ARNOLD,

    Petitioner,                                    Case No. 4:19-CV-12844
                                                       Stephanie Dawkins Davis
v.                                                  United States District Judge

ROBERT VESHAW,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A
WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, AND GRANTING
<u>LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Deandre Lee Arnold, ("petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree murder, Mich. Comp. Laws § 750.317. For the reasons that follow, the petition for a writ of habeas corpus is **DENIED**.

**I.    BACKGROUND**

Petitioner was convicted after a jury trial in the Macomb County Circuit Court. This Court recites verbatim the relevant facts relied on by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Shimel v. Warren*, 838 F.3d 685, 688 (6th Cir. 2016).

1

> A jury acquitted defendant of an original charge of first-degree felony murder, MCL 750.316(1)(b), but convicted him of the lesser offense of second-degree murder, MCL 750.317. Defendant was sentenced to a term of 375 to 600 months in prison. He now appeals as of right, and we affirm.
>
> Defendant's conviction arises from the February 21, 2015 stabbing death of Alexander Burkhardt in a laundromat parking lot behind a gas station. In a statement to the police, defendant said that he met the victim inside a gas station. Defendant and a codefendant, Jayvon Cates,[1] agreed to sell the victim pills and met him behind the gas station. Video surveillance footage showed that after defendant took the victim's money, the victim approached defendant, and defendant then admittedly stabbed the victim. The victim died from a stab wound to his chest.

*People v. Arnold*, No. 333492, 2018 WL 559694, at *1 (Mich. Ct. App. Jan. 25, 2018), *lv. den.*, 503 Mich. 859, 917 N.W.2d 387 (2018).

Petitioner seeks a writ of habeas corpus on the following grounds:

   I. The trial court deprived Mr. Arnold of his constitutional right to present a defense and to be judged by a properly instructed jury when it precluded a requested instruction on self-defense.

   II. The prosecution presented legally insufficient evidence that Mr. Arnold committed felony murder and such a charge should not have gone to the jury thereby denying his right to due process under the Federal and Michigan Constitutions and his convictions should be vacated.

---

[1] Cates was tried separately and convicted by a jury of voluntary manslaughter, MCL 750.321. [Footnote original].

2

III. Mr. Arnold is entitled to be resentenced as the trial court erred in the scoring of offense variables 6 and 8 as the court unconstitutionally used judicial factfinding to score the offense guidelines contrary to *People v. Lockridge*.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the

3

facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. Habeas relief should be denied as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

## III.  DISCUSSION

### A. Jury instruction claim.

Petitioner first argues that he was denied a fair trial when the judge refused to instruct the jury on the defense of self-defense.

A defendant in a criminal trial has the right to "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984).

4

"[A] necessary corollary of this holding is the rule that a defendant in a criminal trial has the right, under appropriate circumstances, to have the jury instructed on his or her defense, for the right to present a defense would be meaningless were a trial court completely free to ignore that defense when giving instructions." *See Taylor v. Withrow,* 288 F.3d 846, 852 (6th Cir. 2002). A defendant is therefore entitled to a jury instruction as to any recognized defense for which there exists evidence sufficient for a reasonable juror to find in his or her favor. *Mathews v. United States*, 485 U.S. 58, 63 (1988). A state trial court's failure to instruct a jury on self-defense when the instruction has been requested and there is sufficient evidence to support such a charge violates a criminal defendant's rights under the Due Process Clause. *Taylor,* 288 F.3d at 851.

Under Michigan law, one acts lawfully in self-defense if he or she honestly and reasonably believes that he or she is in danger of serious bodily harm or death, as judged by the circumstances as they appeared to the defendant at the time of the act. *Blanton v. Elo*, 186 F.3d 712, 713, fn. 1 (6th Cir. 1999) (citing to *People v. Heflin*, 434 Mich. 482, 456 N.W.2d 10 (1990)). To be lawful self-defense, the evidence must show that: (1) the defendant honestly and reasonably believed that he or she was in danger; (2) the danger feared was death or serious bodily harm or imminent forcible sexual penetration; (3) the action taken appeared at the time to be immediately necessary; and (4) the defendant was not the initial aggressor. *See*

*Johnigan v. Elo,* 207 F. Supp. 2d 599, 608-09 (E.D. Mich. 2002) (citing *People v. Barker*, 437 Mich. 161, 165, 468 N.W.2d 492 (1991); *People v. Kemp*, 202 Mich. App. 318, 322, 508 N.W.2d 184 (1993); *People v. Deason*, 148 Mich. App. 27, 31, 384 N.W.2d 72 (1985)). Under Michigan law, a defendant is not entitled to use any more force than is necessary to defend himself or herself. *Johnigan,* 207 F. Supp. 2d at 609 (citing *Kemp*, 202 Mich. App. at 322). "[T]he law of self-defense is based on necessity, and a killing or use of potentially lethal force will be condoned only when the killing or use of potentially lethal force was the only escape from death, serious bodily harm, or imminent forcible sexual penetration under the circumstances." *Johnigan,* 207 F. Supp. 2d at 609 (internal citation omitted).

The Michigan Court of Appeals rejected petitioner's claim at length, finding that under Michigan law, petitioner was not entitled to an instruction on self-defense because he and his co-defendant were committing a crime at the time of the stabbing. *People v. Arnold*, 2018 WL 559694, at *1. The Michigan Court of Appeals noted that: "[A] defendant cannot claim statutory self-defense if he was 'engaged in the commission of a crime at the time he ... uses deadly force.'" *Id.* (quoting Mich. Comp. Laws § 780.972(1)(a)). The Michigan Court of Appeals further observed that "pursuant to common-law self-defense principles, '[a] robber or other wrongdoer engaged in felonious conduct has no privilege of self-

6

defense[.]'" *Id.* (quoting *People v. Minor*, 213 Mich. App. 682, 686 n.1, 541 N.W.2d 576 (1995)). The Michigan Court of Appeals concluded that petitioner was not entitled to an instruction on self-defense because he and his co-defendant at a minimum were committing a larceny of a person at the time of the stabbing. *Id.* at *2:

> Defendant's statement to the police indicates that defendant and Cates took the victim's cash with the intent to steal it. Defendant told the police that he and Cates had agreed to sell the victim some pills, but they had "no pills and *[he and Cates] just went along with the plan to get a few bucks*." The video surveillance footage and the officer's testimony about the video, that defendant and Cates approached the victim's truck and took $5 from the victim's hand while he sat in the truck, shows that "the property was taken *from the person or from the person's immediate area of control or immediate presence*."

*People v. Arnold*, 2018 WL 559694, at *2 (emphasis original).

The Michigan Court of Appeals further held that petitioner was not entitled to an instruction on self-defense because the evidence established that petitioner committed an armed robbery in that he used a knife to effectuate the larceny or attempted larceny from the victim, which satisfied the elements for armed robbery under Michigan law. *Id.* at *2. The Michigan Court of Appeals concluded that petitioner was not entitled under Michigan law to an instruction on self-defense because he and his co-defendant were ineligible to raise a self-defense claim because they were engaged in the commission of a felony. The United States

7

Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). What is essential to establish an element of a crime, like the question of whether a given element is necessary, is a question of state law, for which federal habeas review is not available. *See Sanford v. Yukins*, 288 F.3d 855, 862 (6th Cir. 2002). Likewise, "[D]ue process does not require that a defendant be permitted to present any defense he chooses. Rather, states are allowed to define the elements of, and defenses to, state crimes." *See Lakin v. Stine*, 80 Fed. Appx. 368, 373 (6th Cir. 2003) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 484-87 (2000); *McMillan v. Pennsylvania*, 477 U.S. 79, 84-86, (1986)).

Petitioner is not entitled to habeas relief because the trial court's denial of petitioner's self-defense instruction was "expressly authorized" by Michigan law and there is no United States Supreme Court precedent to the contrary. *See Phillips v. Million*, 374 F.3d 395, 398 (6th Cir. 2004). Moreover, "states have great latitude in criminal proceedings, including latitude to formulate both the elements of crimes and the defenses to them." *Taylor*, 288 F.3d at 853. Petitioner is also not entitled to habeas relief because the Michigan Court of Appeals

concluded that under Michigan law, the evidence did not support a self-defense claim. *Id.* at 853-54. The Court, therefore, rejects petitioner's first claim.

B. <u>Failure to direct a verdict claim.</u>

Petitioner next contends that the trial judge erred in failing to direct a verdict on the original first-degree felony murder charge because there was insufficient evidence to support submitting this charge to the jury.

The Michigan Court of Appeals rejected this claim, finding that any error in submitting the first-degree murder charge to the jury was at most harmless because the jury acquitted petitioner of that charge and found him guilty of the lesser-included offense of second-degree murder. *People v. Arnold*, 2018 WL 559694, at *3.

"[C]learly established Supreme Court law provides that a defendant has a right not to be *convicted* except upon proof of every element of a crime beyond a reasonable doubt; the Supreme Court has never held that the submission of a charge, upon which there is insufficient evidence, violates a defendant's constitutional rights where the defendant is acquitted of that charge." *Long v. Stovall*, 450 F. Supp. 2d 746, 752 (E.D. Mich. 2006) (quoting *Skrzycki v. Lafler*, 347 F. Supp. 2d 448, 453 (E.D. Mich. 2004) (emphasis original); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 761-62 (E.D. Mich. 2004).

9

A number of cases have held that the submission to a jury of a criminal charge constitutes harmless error where the habeas petitioner is acquitted of that charge. *Daniels v. Burke*, 83 F.3d 760, 765, fn. 4 (6th Cir. 1996); *Long*, 450 F. Supp. 2d at 752; *Aldrich,* 327 F. Supp. 2d at 761; *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001); *but see Williams v. Jones*, 231 F. Supp. 2d 586, 593-94 (E.D. Mich. 2002) (finding this claim cognizable).

In light of the fact that petitioner was acquitted of the first-degree felony murder charge and found guilty only on the lesser included offense of second-degree murder, any error in submitting the first-degree felony murder charge to the jury would not entitle petitioner to habeas relief. *See King v. Trippett*, 27 Fed. Appx. 506, 510 (6th Cir. 2001) (Petitioner who alleged that the trial court improperly refused to enter a directed verdict on his armed robbery charge, even though the jury subsequently acquitted him on that charge, failed to state a claim sufficient for habeas corpus relief). Thus, petitioner is not entitled to habeas relief on his second claim.

    C.    <u>Sentencing guidelines claim</u>.

Petitioner contends that the trial court judge erroneously scored several offense variables (OV) under Michigan's sentencing guidelines. Petitioner also claims that the trial judge violated his Sixth Amendment right to trial by jury by

using factors that had not been proven beyond a reasonable doubt or admitted to by petitioner in scoring these offense variables.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is non-cognizable on federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007); *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Petitioner thus "had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score would not merit habeas relief. *Id.*

Petitioner further argues that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner when scoring these guidelines variables.

On June 17, 2013, the United States Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013). *Alleyne* expands the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne*, 570 U.S. at 106-07. The Supreme Court, however, indicated that the ruling in *Alleyne* did not mean that every fact influencing judicial discretion in sentencing must be proven to a jury beyond a reasonable doubt. *Id.* at 116.

Two years later, the Michigan Supreme Court relied on *Alleyne* in finding that Michigan's mandatory sentencing guidelines scheme violated the Sixth Amendment right to a jury trial. *See People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (Mich. 2015). The Michigan Supreme Court held that, under *Alleyne*, the Michigan sentencing guidelines scheme violated the Sixth Amendment,

because the "guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the "mandatory minimum" sentence under *Alleyne*." *Lockridge*, 498 Mich. at 364 (emphasis in original). The Michigan Supreme Court's remedy for the unconstitutionality of the Michigan guidelines was to sever and strike the mandatory component of the guidelines and make the guidelines advisory only. *Id.* 498 Mich. at 391-92 (relying on *Booker*, 543 U.S. at 264-265 (holding that the remedy for the unconstitutionality of the mandatory federal sentencing guidelines was to sever only the mandatory component, still requiring courts to consider the guidelines, but making them advisory and subject to review for reasonableness)).

The Sixth Circuit more recently granted habeas relief on a challenge to Michigan's sentencing guidelines, holding that the United States Supreme Court's decision in *Alleyne* clearly established that Michigan's *mandatory* minimum sentencing scheme was unconstitutional. *Robinson v. Woods*, 901 F.3d 710, 716-18 (6th. Cir. 2018); *cert. den.* 139 S. Ct. 1264 (2019) (emphasis added). The Sixth Circuit concluded that "[a]t bottom, Michigan's sentencing regime violated *Alleyne's* prohibition on the use of judge-found facts to increase mandatory minimum sentences." *Id.* at 716 (citing *Alleyne*, 570 U.S. at 111-12).

13

Petitioner's case, however, is distinguishable from the petitioner's case in *Robinson* because he was sentenced on June 2, 2016 (ECF No. 9-14), after the Michigan Supreme Court in *Lockridge* ruled that Michigan's sentencing guidelines are no longer mandatory, and rather should only be used in an advisory capacity. Purely advisory applications of the sentencing guidelines do not violate the Sixth Amendment. *See Booker*, 543 U.S. at 233 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."); *see also Apprendi v. New Jersey*, 530 U.S. 466, 481-82 (2000) (reiterating that "'a sentence imposed by a federal district judge, if *within statutory limits*, is generally not subject to review'") (emphasis added) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)); *United States v. Cook,* 453 F.3d 775, 777 (6th Cir. 2006) (Defendant's sentencing in federal court based on facts other than those rendered in the verdict or admitted by defendant did not violate his Sixth Amendment right to trial by jury, since defendant was sentenced under advisory, rather than mandatory sentencing guidelines).

Petitioner is not entitled to habeas relief because the minimum sentence that he challenges was imposed by the state trial court when it was clear under

Michigan law that the trial court must treat as advisory the Michigan guidelines for imposing a minimum sentence. *See e.g. Reign v. Gidley*, 929 F.3d 777, 780-781 (6th Cir. 2019), *reh'g denied* (July 31, 2019) (petitioner not entitled to habeas relief where trial court on a *Lockridge* remand from the Michigan Supreme Court declined to hold another re-sentencing hearing, after concluding that he would have imposed the same sentence under the now advisory guidelines range). "After *Lockridge*, a trial court's imposition of a sentence, no matter how it may be guided by the sentencing guidelines, represents an exercise of the court's discretion." *Fitzgerald v. Trierweiler*, No. 1:17-CV-435, 2017 WL 2790710, at *7 (W.D. Mich. June 28, 2017). Because petitioner was sentenced after the decision in *Lockridge,* the sentencing guidelines were no longer mandatory but advisory, thus, the sentence imposed was an exercise of the judge's discretion. *Id.* "Facts the trial court may have found in support of its exercise of discretion do not implicate the Sixth Amendment." *Id.* The Michigan courts reasonably rejected petitioner's Sixth Amendment claim. *Id.*

## IV. CONCLUSION

The Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the

15

applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). However, although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

V. **ORDER**

Based on the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

(2) A certificate of appealability is **DENIED**.

(3) Petitioner is **GRANTED** leave to appeal *in forma pauperis*.

Dated: June 8, 2021    s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge